UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELLIOT BARDEN, JR. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  1:24-cv-00264-NT |
| | ) |
| DOUG BLAUVELT, et al., | ) |
| | ) |
| Defendant | ) |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in pre-trial custody at the Franklin County Detention Center, filed a complaint against the jail, the jail administrator, and a corrections officer for alleged violations of his Fourth and Eighth Amendment rights. (Complaint, ECF No. 1.) Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint unless Plaintiff amends his filings to assert an actionable claim.

### Factual Allegations

Plaintiff alleges that he was "wrongfully strip searched" on seven occasions over the course of six months. The searches were performed by several different staff members, but all occurred on the order of the jail administrator, Defendant Blauvelt. Plaintiff also asserts that Defendant Coleman at some point "withheld prescription medical items" from

Plaintiff. He suffered "physical" and "emotional distress" as the result of the searches and withheld items, and Defendants' conduct caused Plaintiff's Lyme disease and other ailments to worsen.

## LEGAL STANDARD

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the

complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff claims the strip searches he experienced violated his Fourth Amendment rights. The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. "Although prisoners experience a reduction in many privileges and rights, a prisoner 'retains those [constitutional] rights that are not inconsistent with his status as a prisoner or with the legitimate penological objective of the corrections system,'" *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009) (quoting *Turner v. Safley*, 482 U.S. 78, 95 (1987)), a category which includes the right to privacy regarding prisoners' persons or bodies. *Cookish v. Powell*, 945 F.2d 441, 446 (1st Cir. 1991). A court must balance "the invasion of personal rights [a] search entails" against "the need for the particular search." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "Courts must consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted." *Id.*

Legal searches, including strip searches, have "no more intrusion than necessary to accomplish the proper law enforcement purpose." *U.S. v. Cofield*, 391 F.3d 334, 337 (1st Cir. 2004) (citing *Bell*, 441 U.S. at 559). Courts also weigh whether officials required an inmate to "assume humiliating poses, expose himself in an unnecessarily public place or

to members of the opposite sex, remain exposed for unreasonable durations, or endure degradation or ridicule." *Id.* at 337.  A strip search of an inmate as part of prison administration does not require probable cause or articulable suspicion, and it need only be conducted pursuant to a search policy that is "reasonably related to legitimate security interests." *Florence v. Bd. Of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 327-28 (2012) (upholding the programmatic, non-invasive strip-searching of "nonindictable offenders" housed in the general population, without reasonable suspicion).

Plaintiff does not allege any details about the circumstances surrounding the strip searches he experienced.  Without more factual allegations about the searches (e.g., the scope, manner, and context of the intrusions), the complaint does not assert an actionable claim.  The allegations simply do not allow a plausible inference of an improper purpose, such as humiliation or ridicule.  Even if a sufficiently high number of intrusive searches could theoretically support a plausible inference of an improper purpose, the frequency of the searches alleged here was not so egregious to generate a plausible claim without additional facts.

Plaintiff also alleges that the withholding of medication violated his Eighth Amendment rights. The Eighth Amendment, which prohibits cruel and unusual punishments, governs prison conditions after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

must take reasonable measures to guarantee the safety of the inmates." *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).

To establish constitutional liability, a plaintiff must satisfy both an objective standard, which requires the prisoner to be "incarcerated under conditions posing a substantial risk of serious harm," and a subjective standard, which requires the defendant to have acted, or failed to act, with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994); *see also*, *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). A medical need is "serious" if it "has been diagnosed by a physician as mandating treatment, or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Leavitt v. Correctional Medical Services, Inc.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir.1990)). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Correctional Medical Services*, 464 F.3d 158, 162 (1st Cir. 2006) (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

Plaintiff's assertion that he had a prescription for medication suggests a serious medical need at least at some point in time. The complaint, however, does not plausibly allege a substantial risk of harm or a mental state of deliberate indifference because there is no information about the medication, the medical condition,[1] the timing of the diagnosis,

---

[1] Plaintiff references Lyme disease, but he does not allege that the medical items were prescribed to treat Lyme disease rather than another unspecified ailment.

5

the basis of Defendant Coleman's knowledge of the issues, or the extent and duration of the period in which Plaintiff could not access the medical items. Because there is no way to assess "the effect of [any] delay of treatment," *Gaudreault*, 923 F.2d at 208, the withholding of unspecified medical treatment or items, without more, is not enough to state an actionable claim.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, unless Plaintiff, within the fourteen-day period for objections to this Recommended Decision, files an amended complaint that asserts a plausible claim, I recommend the Court dismiss the matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of August, 2024.